EXHIBIT "1"

1  DOUGLAS L. HURT, #124116
   LAW OFFICES OF DOUGLAS L. HURT
   2534 W. Main Street
2  Visalia, CA 93291
   Telephone: (559) 635-3333
3  Fax:  (559) 733-0558

4  Attorney for Plaintiff ADONIS SERNA

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

MAY 04 2018

STEPHANIE CAMERON, CLERK
BY Ruben Cabrera Jr.

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF TULARE

11  ADONIS SERNA,                          )   Case No. 272687
                                           )
12      Plaintiff,                         )   PLAINTIFF'S FIRST AMENDED COMPLAINT
                                           )   FOR DAMAGES
13      vs.                                )
                                           )   1. Assault
14  OSCAR ROBLES, CITY OF WOODLAKE,        )   2. Battery
    KEVIN PHELPS, CITY OF EXETER, BARI     )   3. Violation of Civil Rights
15  MOLYNEUX, COUNTY OF TULARE, and        )      (Civ. Code, §51.7(a).)
    DOES 1 through 10, inclusive,          )   4. Violation of Civil Rights
16                                         )      (42 U.S.C., §1983.)
        Defendants.                        )   5. Negligence
17                                         )   6. Negligence Per Se
                                           )   7. Negligent Infliction of Emotional Distress
18                                         )   8. Failure to Supervise and Train
                                           )   9. Violation of Civ. Code Sec. 52.1
19  _____)

20                          **GENERAL ALLEGATIONS**

21      1.    At all times herein mentioned plaintiff ADONIS SERNA (hereinafter "SERNA") was

22  and is a resident of Tulare County, State of California.

23      2.    At all times herein mentioned OSCAR ROBLES (hereinafter "OFFICER ROBLES") was

24  and is and employee or agent of defendant CITY OF WOODLAKE.

25      .

Plaintiff's Complaint for Damages

- 1

LAW OFFICES OF DOUGLAS L. HURT
2534 W. Main Street
Visalia, CA 93291

1    3.    At all times herein mentioned CITY OF WOODLAKE (hereinafter "WOODLAKE") was

2    and is a public entity duly organized and existing as such under the laws of and in the State of California.

3    4.    At all times herein mentioned KEVIN PHELPS (hereinafter "OFFICER PHELPS") was

4    and is and employee or agent of defendant CITY OF EXETER.

5    5.    At all times herein mentioned CITY OF EXETER (hereinafter "EXETER") was and is a

6    public entity duly organized and existing as such under the laws of and in the State of California.

7    6.    At all times herein mentioned BARI MOLYNEUX (hereinafter "DEPUTY

8    MOLYNEUX") was and is and employee or agent of defendant COUNTY OF TULARE.

9    7.    At all times herein mentioned COUNTY OF TULARE (hereinafter "TULARE

10   COUNTY") was and is a public entity duly organized and existing as such under the laws of and in the

11   State of California.

12   8.    Plaintiff is informed and believes and thereon alleges that each of the defendants

13   designated as a DOE is intentionally and negligently responsible in some manner for the events and

14   happenings herein referred to, and thereby legally caused injuries and damages as herein alleged. The true

15   names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to plaintiff

16   who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show

17   their true names and capacities when the same have been ascertained.

18   9.    On the afternoon of April 26, 2017, Plaintiff SERNA was driving in Woodlake,

19   California near Woodlake High School. He had just turned 18 years old several days before, and lived

20   with his mother in Exeter, California. In that he did not have his own vehicle, he borrowed a mini-van

21   from an acquaintance so that he could drive to visit his 10 month-old son, who lived with the boy's

22   mother near the High School in Woodlake. Unbeknownst to SERNA, the vehicle allegedly had been

23   reported stolen two days before. On his way to visit his son, SERNA stopped at an apartment complex

24   next to the High School to eat some lunch at his father's apartment, which was in the apartment complex.

25

10.     That same afternoon, Tulare County Sheriff's Deputy MOLYNEUX was doing surveillance at the apartment complex on an unrelated matter. When SERNA parked in front of the apartment complex and went into his father's apartment for a sandwich, DEPUTY MOLYNEUX ran the license plate of the vehicle that SERNA was driving and determined that the vehicle had been reported stolen. When SERNA returned to the vehicle a few minutes later and began to drive away on his way to see his son, DEPUTY MOLYNEUX called for back-up, and followed SERNA. DEPUTY MOLYNEUX was in an unmarked white pick-up truck and was not in uniform. SERNA drove a couple of blocks and turned onto Sequoia Street directly adjacent to Woodlake High School. Directly across the street from the High School was a Continuation School and a Pre School. It was approximately 3:00 p.m. and parents were picking up their children from the three schools, and teachers and students were exiting the schools as it was the end of the school day. DEPUTY MOLYNEUX followed SERNA onto Sequoia and was directly behind SERNA in the unmarked pick-up truck. Directly behind DEPUTY MOLYNEUX on Sequoia was OFFICER ROBLES and OFFICER PHELPS in an unmarked black SUV owned by the Woodlake Police. Neither OFFICER ROBLES nor OFFICER PHELPS were in uniform. All three officers, MOLYNEUX, ROBLES and PHELPS were in plain-clothes in unmarked vehicles.

11.     It was the intent of DEPUTY MOLYNEUX to perform a traffic stop of SERNA due to the suspicion of driving a stolen vehicle. DEPUTY MOLYNEUX and OFFICERS ROBLES and PHELPS did not know SERNA prior to this incident. Prior to a stop being initiated, SERNA on his own pulled over to the side of the road near the sidewalk and stopped. He had seen a young man, an acquaintance, walking on the sidewalk and pulled over to talk with him. SERNA was not aware that the unmarked pick-up truck directly behind his vehicle was a law enforcement vehicle. He was not aware of the presence at all of the black SUV two cars back, or that it was an unmarked police vehicle. Neither police vehicle turned their flashing lights or sirens on to identify themselves. Neither unmarked police vehicle had overhead flashing lights at all.

12.     While SERNA was stopped and still sitting in the driver's seat of his van, DEPUTY MOLYNEUX decided to initiate a stop, and pulled around SERNA'S vehicle and blocked it off at a diagonal directly in front of SERNA'S vehicle with the unmarked pick-up truck. DEPUTY MOLYNEUX did not turn on his flashing lights, if he had any on his unmarked pick-up truck. OFFICER ROBLES then pulled his unmarked black SUV about 6-8 feet behind SERNA'S vehicle, blocking it from the rear. The three officers had no evidence or inclination that SERNA was armed in any way or that he knew they were law enforcement officers. At that point, all three officers exited their vehicles and drew their guns. OFFICER ROBLES claims to have turned on his grill-level flashing lights as he exited his vehicle. The grill-level lights were situated 1-2 feet below the window line of SERNA'S back windows and, if on, were not in SERNA'S line of sight.

13.     DEPUTY MOLYNEUX, now in front of SERNA's vehicle, had exited his unmarked pick-up truck with his gun drawn approaching SERNA. DEPUTY MOLYNEUX was in plain-clothes, not in uniform. DEPUTY MOLYNUEZ did not identify himself as a police officer. OFFICERS ROBLES and PHELPS had also exited their unmarked SUV with their weapons drawn and moved away from the respective sides of their vehicle. They were also in plain-clothes and not in uniform and did not identify themselves as police officers. OFFICER ROBLES moved away from the driver's side of his vehicle to his left, and OFFICER PHELPS moved to his right away from his vehicle onto the sidewalk. At no time after they exited their vehicle were OFFICERS ROBLES or PHELPS directly behind SERNA'S vehicle.

14.     It is alleged SERNA then backed up his mini-van away from DEPUTY MOLYNEUX 6-8 feet and bumped the black unmarked SUV behind him. An eyewitness on the sidewalk stated that SERNA'S vehicle moved very slowly. Having moved only 6-8 feet at a slow speed, neither vehicle sustained any damage. At no time did SERNA know that the SUV was behind him nor that it was an unmarked police vehicle. He was also unaware that OFFICERS ROBLES and PHELPS were off to the side of the SUV behind him or that they were police officers. Again, their vehicle was unmarked and they

1    were not in uniform. His attention was on the young man on the sidewalk and the man with a gun in front

2    of him. SERNA was not aware that DEPUTY MOLYNEUX was a law enforcement officer.

3          15.      When SERNA'S van made contact with the black SUV, SERNA'S vehicle stopped. At

4    that time, after SERNA'S vehicle had stopped and come to rest touching the black SUV, OFFICERS

5    ROBLES and PHELPS began shooting through both sides of SERNA'S vehicle at SERNA, who was still

6    in the driver's seat. SERNA was struck 5 times in the back, and lost consciousness. He was dragged from

7    his vehicle and arrested. Due to his serious gunshot injuries, he was hospitalized. SERNA is now a

8    lifetime paraplegic, with little to no movement from the neck down. SERNA was unarmed at the time he

9    was shot in the back. Never at any time during this incident did the officers have any evidence or

10    suspicion that SERNA was armed, nor was he, and no weapons of any kind were found in his vehicle.

11          16.      At no time before, during or after being assaulted and shot, did SERNA do or say

12    anything to OFFICERS ROBLES or PHELPS, or DEPUTY MOLYNEUX, to justify being assaulted and

13    shot. At no time were OFFICERS ROBLES, or PHELPS, or DEPUTY MOLYNEUX, in harm's way due

14    to the movement of SERNA'S vehicle. OFFICERS ROBLES and PHELPS had exited their vehicle and

15    were standing away from the respective sides of their vehicle. OFFICERS ROBLES and PHELPS began

16    shooting after SERNA'S vehicle came to a complete stop touching the black SUV.

17                               **CLAIMS STATUTES**

18          17.      On or about July 24, 2017, plaintiff served an Amended Administrative Claim for

19    Damages on the City of Woodlake (See Exhibit "A" attached hereto and incorporated herein).  The City

20    of Woodlake rejected plaintiff's claim on August 14, 2017. (See Exhibit "B" attached hereto and

21    incorporated herein.)

22          18.      On or about July 24, 2017, plaintiff served an Amended Administrative Claim for

23    Damages on the City of Exeter (See Exhibit "C" attached hereto and incorporated herein).  The City of

24    Exeter rejected plaintiff's claim on August 11, 2017 (See Exhibit "D" attached hereto and incorporated

25    herein).

Plaintiff's Complaint for Damages

- 5

LAW OFFICES OF DOUGLAS L. HURT
2534 W. Main Street
Visalia, CA 93291

19.     On or about October 10, 2017, plaintiff served an Administrative Claim for Damages on the County of Tulare (See Exhibit "E" attached hereto and incorporated herein).  The County of Tulare rejected plaintiff's claim on November 17, 2017. (See Exhibit "F" attached hereto and incorporated herein.)

## FIRST CAUSE OF ACTION

### ASSAULT
### (Pen. Code, §240.)
### (Against all defendants)

20.     Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as though fully set forth herein.

21.     OFFICER ROBLES, by his conduct intended to cause, and did cause, plaintiff great apprehension of harmful contact with his person. OFFICER ROBLES is sued in his official capacity.

22.     Pursuant to Government Code section 815.2(a), defendant WOODLAKE is liable for any and all wrongful acts hereinafter complained of committed by any of WOODLAKE'S employees or agents, including but not limited to OFFICER ROBLES.

23.     OFFICER PHELPS, by his conduct intended to cause, and did cause, plaintiff great apprehension of harmful contact with his person. OFFICER PHELPS is sued in his official capacity.

24.     Pursuant to Government Code section 815.2(a), defendant EXETER is liable for any and all wrongful acts hereinafter complained of committed by any of EXETER'S employees or agents, including but not limited to OFFICER PHELPS.

25.     DEPUTY MOLYNEUX, by his conduct intended to cause, and did cause, plaintiff great apprehension of harmful contact with his person. DEPUTY MOLYNEUX is sued in his official capacity.

26.     Pursuant to Government Code section 815.2(a), defendant TULARE COUNTY is liable for any and all wrongful acts hereinafter complained of committed by any of TULARE COUNTY'S employees or agents, including but not limited to DEPUTY MOLYNEUX.

27.     As a direct and legal result of defendants' tortious and unlawful conduct plaintiff suffered catastrophic physical injuries and emotional distress, including anguish and fear to an extent and in an amount to be proven at trial.

28.     Defendants acted with malice and with the intent to harm plaintiff. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

## SECOND CAUSE OF ACTION

### BATTERY
(Pen. Code, §§242, et seq.)
(Against defendants)

29.     Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as though fully set forth herein.

30.     On or about April 26, 2017, OFFICER ROBLES acted with the intent to make and did make harmful contacts with plaintiff's body. OFFICER ROBLES is sued in his official capacity.

31.     Pursuant to Government Code section 815.2(a), defendant WOODLAKE is liable for any and all wrongful acts hereinafter complained of committed by any of WOODLAKE employees or agents, including but not limited to OFFICER ROBLES.

32.     On or about April 26, 2017, OFFICER PHELPS acted with the intent to make and did make harmful contacts with plaintiff's body. OFFICER PHELPS is sued in his official capacity.

33.     Pursuant to Government Code section 815.2(a), defendant EXETER is liable for any and all wrongful acts hereinafter complained of committed by any of EXETER employees or agents, including but not limited to OFFICER PHELPS.

34.     On or about April 26, 2017, DEPUTY MOLYNEUX acted with the intent to make and did cause harmful contacts to be made with plaintiff's body. DEPUTY MOLYNEUX is sued in his official capacity.

35.     Pursuant to Government Code section 815.2(a), defendant TULARE COUNTY is liable for any and all wrongful acts hereinafter complained of committed by any of TULARE COUNTY employees or agents, including but not limited to DEPUTY MOLYNEUX.

36.     At no time did plaintiff directly or indirectly consent to the use of physical force against him by the defendants.

37.     As a legal result of defendants' actions, plaintiff was physically, mentally and emotionally injured, lost work time and wages, and incurred medical bills, all to an extent and in an amount subject to proof at trial.

38.     Defendants acted with malice and with the intent to harm plaintiff. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS
#### (Civ. Code, §51.7(a).)
#### (Against all defendants)

39.     Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as though fully set forth herein.

40.     Civil Code section 51.7(a) provides in pertinent part that "all persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry national origin … [or] age."

41.     Plaintiff at all times mentioned herein was a *person* within the jurisdiction of this state within the meaning of section 51.7(a).

42.     By their pattern and practice of using excessive force in the detention and arrest of Hispanic suspects, defendants denied plaintiff, a Hispanic, the right to be free from violence or

1  intimidation because of his race, ancestry, color and national origin.  Plaintiff has therefore been damaged

2  in his civil rights in violation of Civil Code section 51.7(a).

3        43.      The reason for defendants' actions, including OFFICER ROBLES, OFFICER PHELPS,

4  and DEPUTY MOLYNEUX who are sued in their official capacities, in using excessive force in the

5  detention and arrest of plaintiff was to interfere with plaintiff's civil rights protected under Civil Code

6  section 51.7.

7        44.      As a direct and legal result of defendants' use of excessive force on plaintiff as alleged

8  herein, plaintiff has suffered injuries and damages in an amount to be proven at trial.

9        45.      Furthermore, as a result of defendants' tortious conduct, plaintiff is entitled to a statutory

10  civil penalty of $25,000 and to attorney's fees, pursuant to Civil Code section 52(b).

11        46.      Defendants' tortious conduct was willful and malicious; therefore, plaintiff is entitled to

12  punitive damages as determined by the court.

13

14                              **FOURTH CAUSE OF ACTION**

15                              **VIOLATION OF CIVIL RIGHTS**
                                   **(42 U.S.C., §1983.)**
16                                  **(Against all Defendants)**

17        47.      Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as

18  though fully set forth herein.

19        48.      This cause of action arises under 42 United States Code section 1983 and the Fourth and

20  Fourteenth Amendments to the Constitution of the United States.

21        49.      Acting under color of state law as law enforcement officers, defendants, OFFICER

22  ROBLES, OFFICER PHELPS and DEPUTY MOLYNEUX who are sued in their individual capacities,

23  deprived plaintiff of his rights, privileges and immunities secured under the Fourth and Fourteenth

24  Amendments of the Constitution of the United States and under 42 United States Code section 1983. In

25  particular, plaintiff suffered injury to his constitutionally protected rights to be secure in his person from

Plaintiff's Complaint for Damages                           LAW OFFICES OF DOUGLAS L. HURT
                                                            2534 W. Main Street
- 9                                                          Visalia, CA 93291

1   unreasonable search and seizure, free from excessive use of force by defendants, and free from

2   governmental abuse of its power.

3        50.      Plaintiff alleges on information and belief that WOODLAKE, EXETER, and TULARE

4   COUNTY has a pattern and practice of using excessive force in the detention and arrest of suspects

5   generally. But for WOODLAKE, EXETER, and TULARE COUNTY'S pattern and practice of using

6   excessive force in the detention and arrest of suspects generally and WOODLAKE, EXETER, and

7   TULARE COUNTY'S pattern of inadequate hiring, selecting, supervising, training, disciplining,

8   controlling and reviewing of the activities of all officers in its employ, plaintiff would not have suffered

9   deprivation of his federally protected rights. Furthermore, defendants have demonstrated deliberate

10  indifference to plaintiff's federally protected rights.

11       51.      As a direct and legal result of defendants' violation of plaintiff's constitutional rights as

12  alleged herein, plaintiff suffered physical and emotional injuries, loss of employment income and earning

13  capacity.

14       52.      Pursuant to 42 United States Code section 1988, plaintiff is entitled to special and general

15  damages to an extent and in an amount subject to proof at trial, to costs and to attorney's fees as may be

16  determined by the court.

17                          **FIFTH CAUSE OF ACTION**

18                              **NEGLIGENCE**
                             **(Against all defendants)**
19

20       53.      Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as

    though fully set forth herein.
21

22       54.      Defendants owed a duty to plaintiff to avoid harming during his detention and arrest.

    OFFICER ROBLES, OFFICER PHELPS, and DEPUTY MOLYNEUX, who are sued in their official
23

    capacities, breached that duty by using unnecessary and excessive force in using a firearm against the
24

    plaintiff, thereby inflicting physical and mental injuries on plaintiff. Plaintiff's injuries were a direct and
25

Plaintiff's Complaint for Damages                     LAW OFFICES OF DOUGLAS L. HURT
- 10                                                         2534 W. Main Street

1  legal result of OFFICER ROBLES, OFFICER PHELPS, and DEPUTY MOLYNEUX'S failure to use

2  reasonable care.

3      55.    Pursuant to Government Code section 815.2(a), defendant WOODLAKE is liable for any

4  and all wrongful acts hereinafter complained of committed by any of WOODLAKE'S employees or

5  agents, including but not limited to OFFICER ROBLES.

6      56.    Pursuant to Government Code section 815.2(a), defendant EXETER is liable for any and

7  all wrongful acts hereinafter complained of committed by any of EXETER'S employees or agents,

8  including but not limited to OFFICER PHELPS.

9      57.    Pursuant to Government Code section 815.2(a), defendant TULARE COUNTY is liable

10 for any and all wrongful acts hereinafter complained of committed by any of TULARE COUNTY'S

11 employees or agents, including but not limited to DEPUTY MOLYNEUX.

12     58.    As a legal result of defendants' wrongful conduct, plaintiff has sustained general

13 damages to an extent and in an amount subject to proof at trial.

14

15                          **SIXTH CAUSE OF ACTION**

16                          **NEGLIGENCE PER SE**
                            **(Pen. Code, §§240, 242.)**
17                          **(Against all defendants)**

18     59.    Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as

19 though fully set forth herein.

20     60.    Defendant OFFICER ROBLES, who is sued in his official capacity, acted illegally and

21 without justification when he detained and arrested SERNA, who was unarmed. Penal Code sections 240

22 and 242 make it a crime for a person without lawful authority and justification to assault and batter

23 another person by shooting them in the back.

24     61.    Plaintiff is a member of the class of persons these statutes are designed to protect.

25

Plaintiff's Complaint for Damages

- 11

LAW OFFICES OF DOUGLAS L. HURT
2534 W. Main Street

1  62.  Pursuant to Government Code section 815.2(a), defendant WOODLAKE is liable for any

2 and all wrongful acts hereinafter complained of committed by any of WOODLAKE'S employees or

3 agents, including but not limited to OFFICER ROBLES.

4  63.  Defendant OFFICER PHELPS, who is sued in his official capacity, acted illegally and

5 without justification when he detained and arrested Serna, who was unarmed. Penal Code sections 240

6 and 242 make it a crime for a person without lawful authority and justification to assault and batter

7 another person by shooting them in the back.

8  64.  Plaintiff is a member of the class of persons these statutes are designed to protect.

9  65.  Pursuant to Government Code section 815.2(a), defendant EXETER is liable for any and

10 all wrongful acts hereinafter complained of committed by any of EXETER'S employees or agents,

11 including but not limited to OFFICER PHELPS.

12  66.  Defendant DEPUTY MOLYNEUX, who is sued in his official capacity, acted illegally

13 and without justification when he detained and arrested SERNA, who was unarmed. Penal Code sections

14 240 and 242 make it a crime for a person without lawful authority and justification to assault and batter

15 another person by causing them to be shot in the back.

16  67.  Plaintiff is a member of the class of persons these statutes are designed to protect.

17  68.  Pursuant to Government Code section 815.2(a), defendant TULARE COUNTY is liable

18 for any and all wrongful acts hereinafter complained of committed by any of TULARE COUNTY'S

19 employees or agents, including but not limited to DEPUTY MOLYNEUX.

20  69.  As a legal result of defendants' actions, plaintiff was physically, mentally and

21 emotionally injured, lost work time and wages, and incurred medical bills, all to an extent and in an

22 amount subject to proof at trial.

23

24

25

1

## SEVENTH CAUSE OF ACTION

2

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code, §1714)
(Against all defendants)

3

4      70.      Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as

5   though fully set forth herein.

6      71.      Defendants had a duty to exercise reasonable care toward plaintiff so as not to inflict

7   injuries on plaintiff while arresting and detaining plaintiff.

8      72.      Pursuant to Government Code section 815.2(a), defendant WOODLAKE is liable for any

9   and all wrongful acts hereinafter complained of committed by any of WOODLAKE'S employees or

10   agents, including but not limited to OFFICER ROBLES.

11      73      Defendants knew or should have known their failure to exercise due care with regard to

12   detention, assault and shooting of plaintiff would cause plaintiff severe emotional distress.

13      74.      OFFICER ROBLES, who is sued in his official capacity, breached that duty by shooting

14   plaintiff.

15      75.      Pursuant to Government Code section 815.2(a), defendant EXETER is liable for any and

16   all wrongful acts hereinafter complained of committed by any of EXETER'S employees or agents,

17   including but not limited to OFFICER PHELPS.

18      76      Defendants knew or should have known their failure to exercise due care with regard to

19   detention, assault and shooting of plaintiff would cause plaintiff severe emotional distress.

20      77.      OFFICER PHELPS, who is sued in his official capacity, breached that duty by shooting

21   plaintiff.

22      78.      Pursuant to Government Code section 815.2(a), defendant TULARE COUNTY is liable

23   for any and all wrongful acts hereinafter complained of committed by any of TULARE COUNTY'S

24   employees or agents, including but not limited to DEPUTY MOLYNEUX.

25

Plaintiff's Complaint for Damages

- 13

LAW OFFICES OF DOUGLAS L. HURT
2534 W. Main Street

79.     Defendants knew or should have known their failure to exercise due care with regard to detention, assault and shooting of plaintiff would cause plaintiff severe emotional distress.

80.     DEPUTY MOLYNEUX, who is sued in his official capacity, breached that duty by assaulting and causing the shooting of plaintiff.

81.     As a legal result of defendants' negligent conduct, plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to fright, nervousness, anxiety, worry, mortification, shock, humiliation, indignity and physical pain to an extent and in an amount subject to proof at trial.

82.     As a legal result of defendants' actions, plaintiff was physically, mentally and emotionally injured, lost work time and wages, and incurred medical bills.

### EIGHTH CAUSE OF ACTION

**NEGLIGENCE**
**FAILURE TO SUPERVISE AND TRAIN**
**(Gov. Code, §815.2.)**
**(Against all defendants)**

83.     Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as though fully set forth herein.

84.     Defendant WOODLAKE owed a duty to plaintiff to hire, select, supervise, train, discipline, control and review the activities of all officers in its employ.

85.     Defendant WOODLAKE breached its duty to plaintiff, pursuant to Government Code section 815.2, by failing to properly hire, select, supervise, discipline, train, control and review such employees and by permitting OFFICER ROBLES to engage in the conduct herein alleged.

86.     Defendant WOODLAKE knew, or should have known, that without proper supervision and training, conduct such as that alleged herein was foreseeable. Defendant WOODLAKE knew, or should have known, that plaintiff would be injured and damaged by the wrongful acts alleged in this complaint that were permitted to occur in contravention of public policy and of plaintiff's legal rights.

87.     WOODLAKE'S negligent action in failing to properly hire, select, supervise, discipline, train, control and review their employees were the direct, actual, and legal cause of plaintiff's injuries. Plaintiff has suffered bodily injury and emotional distress as a result of defendants' wrongful conduct alleged herein.

88.     Defendant EXETER owed a duty to plaintiff to hire, select, supervise, train, discipline, control and review the activities of all officers in its employ.

89.     Defendant EXETER breached its duty to plaintiff, pursuant to Government Code section 815.2, by failing to properly hire, select, supervise, discipline, train, control and review such employees and by permitting OFFICER PHELPS to engage in the conduct herein alleged.

90.     Defendant EXETER knew, or should have known, that without proper supervision and training, conduct such as that alleged herein was foreseeable. Defendant EXETER knew, or should have known, that plaintiff would be injured and damaged by the wrongful acts alleged in this complaint that were permitted to occur in contravention of public policy and of plaintiff's legal rights.

91.     EXETER'S negligent action in failing to properly hire, select, supervise, discipline, train, control and review their employees were the direct, actual, and legal cause of plaintiff's injuries. Plaintiff has suffered bodily injury and emotional distress as a result of defendants' wrongful conduct alleged herein.

92.     As a result of defendant's wrongful conduct, plaintiff has sustained damages to an extent and in an amount to be proven at trial.

93     Defendant TULARE COUNTY owed a duty to plaintiff to hire, select, supervise, train, discipline, control and review the activities of all officers in its employ.

94.     Defendant TULARE COUNTY breached its duty to plaintiff, pursuant to Government Code section 815.2, by failing to properly hire, select, supervise, discipline, train, control and review such employees and by permitting DEPUTY MOLYNEUX to engage in the conduct herein alleged.

95.     Defendant TULARE COUNTY knew, or should have known, that without proper supervision and training, conduct such as that alleged herein was foreseeable. Defendant TULARE COUNTY knew, or should have known, that plaintiff would be injured and damaged by the wrongful acts alleged in this complaint that were permitted to occur in contravention of public policy and of plaintiff's legal rights.

96.     TULARE COUNTY'S negligent action in failing to properly hire, select, supervise, discipline, train, control and review their employees were the direct, actual, and legal cause of plaintiff's injuries. Plaintiff has suffered bodily injury and emotional distress as a result of defendants' wrongful conduct alleged herein.

97.     As a result of defendant's wrongful conduct, plaintiff has sustained damages to an extent and in an amount to be proven at trial.

### NINTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### (CALIFORNIA CIVIL CODE SECTION 52.1)
### (against all defendants)

98.     Plaintiff realleges and incorporates by reference the previous paragraphs 1 through 16 as though fully set forth herein.

99.     This cause of action arises under California Civil Code section 52.1.

100.    Acting under color of state law as law enforcement officers, defendants OFFICER ROBLES, OFFICER PHELPS and DEPUTY MOLYNEUX who are sued in their individual capacities, interfered by threat, intimidation and coercion, and attempted to interfere by threat, intimidation and coercion, with the exercise and enjoyment by plaintiff of rights secured by the Constitution or laws of the United States, or rights secured by the Constitution or laws of the State of California

101.    Plaintiff alleges on information and belief that WOODLAKE, EXETER, and TULARE COUNTY has a pattern and practice of using excessive force in the detention and arrest of suspects generally. But for WOODLAKE, EXETER, and TULARE COUNTY'S pattern and practice of using

Plaintiff's Complaint for Damages

- 16

LAW OFFICES OF DOUGLAS L. HURT
2534 W. Main Street

1  excessive force in the detention and arrest of suspects generally and WOODLAKE, EXETER, and

2  TULARE COUNTY'S pattern of inadequate hiring, selecting, supervising, training, disciplining,

3  controlling and reviewing of the activities of all officers in its employ, plaintiff would not have suffered

4  deprivation of his federally and state protected rights. Furthermore, defendants have demonstrated

5  deliberate indifference to plaintiff's federally and state protected rights.

6      102.    As a direct and legal result of defendants' violation of plaintiff's constitutional rights as

7  alleged herein, plaintiff suffered physical and emotional injuries, loss of employment income and earning

8  capacity.

9      103.    Pursuant to California Civil Code section 52.1, plaintiff is entitled to special and general

10  damages to an extent and in an amount subject to proof at trial, to costs and to attorney's fees as may be

11  determined by the court.

12                      **PRAYER**

13      **WHEREFORE**, plaintiff prays judgment against the defendants, and each of them, as follows:

14      1.    For general damages for pain and suffering;

15      2.    For special damages for costs of medical treatment and loss of future earning capacity;

16      3.    For attorney's fees and costs of suit pursuant to 42 United States Code section 1988,

17  Code of Civil Procedure section 1021.5, and Civil Code sections 52 and 52.1;

18      4.    For punitive damages pursuant to Code of Civil Procedure section 3294, Civil Code

19  sections 52 and 52.1, and 42 United States Code section 1988;

20      5.    For a civil penalty of $25,000 pursuant to Civil Code section 52;

21      6.    For such other and further relief as the court may deem proper.

22

23  Dated: _____MAY 4, 2018_____        LAW OFFICES OF DOUGLAS L. HURT

24

25                                          By: Douglas L. Hurt, Attorney for Plaintiff
                                            ADONIS SERNA

Plaintiff's Complaint for Damages

- 17